IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>     Plaintiff,<br><br>v.<br><br>PARAMOUNT HEALTHCARE CONSULTANTS, LLC AND MPD OPERATORS NAZARETH HALL, LLC D/B/A NAZARETH LIVING CARE CENTER<br><br>     Defendants. | CIVIL ACTION NO. 3:23-cv-00359<br><br>COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Martha Orozco and Federico Moreno. As alleged with greater particularity in paragraphs 14-26 below, the U.S. Equal Employment Opportunity Commission (hereafter "EEOC" or "the Commission") alleges that Defendants, Paramount Healthcare Consultants, LLC and MPD Operators Nazareth Hall, LLC d/b/a Nazareth Living Care Center ("Defendants"), subjected Federico Moreno to retaliatory suspension and ultimately, constructive discharge in violation of Title VII of the Civil Rights Act of 1964. EEOC would further claim that Defendants subjected aggrieved individual Martha Orozco to sexual harassment resulting in her constructive discharge in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, El Paso Division.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Paramount Healthcare Consultants has continuously been doing business in the State of Texas and the City of El Paso. Paramount Healthcare Consultants is owner and operator of several skilled nursing facilities with inpatient rehabilitation services in Texas and Louisiana.

5. At all relevant times, Defendant MPD Operators Nazareth Hall LLC has continuously been doing business in the State of Texas and the City of El Paso.

6. At all relevant times, Defendant Nazareth Living Care Center has continuously been doing business in the State of Texas and the City of El Paso. Nazareth Living Care Center is a skilled nursing care facility.

7. At all times relevant to this civil action, Defendants operated as an integrated business enterprise and collectively had at least fifteen (15) employees on a continual basis.

Evidence of their operation as an integrated enterprise includes but is not limited to the following:

    a.    Common ownership: At relevant times, Dawne Smith was identified as the Owner of Paramount Healthcare Consultants and the Manager of MPD Operators Nazareth Hall (Nazareth Living Center).

    b.    Interrelated operations: Paramount Healthcare Consultants made decisions relating to the financial needs of Nazareth Living Care Center. Nazareth Living Care Center sent requests for medical equipment and furniture to Paramount Healthcare Consultants for funding. Paramount Healthcare Consultants conducted meetings and inspections at Nazareth Living Care Center. Paramount Healthcare prepared human resources forms, applications, and employee handbooks for the employees of MPD Operations and Nazareth Living Care Center.

    c.    Centralized control of labor relations: Certain Paramount Healthcare Consultant employees, such as the corporate Human Resources Director, the Nazareth Living Care Center Human Resources Director and the Risk Manager were concurrently engaged in responsibilities for MPD Operators Nazareth Hall and Nazareth Living Care Center. Further, Regional Director Carlos Yanez worked at Nazareth Living Care Center, Grace Pointe Wellness Center, and Cimmaron Park Nursing and Rehabilitation Center facilities, all of which were owned and operated by Paramount Healthcare Consultants.

    8.    At all relevant times, Defendants, as an integrated enterprise, have continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Federico Moreno filed a charge with the Commission alleging violations of Title VII by Defendants.

10. On June 30, 2022, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendants to join with the Commission in informal methods of conciliation to seek to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. On March 9, 2023, the Commission issued to Defendants, a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least September 2019, Defendants have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1).

15. Defendants subjected Federico Moreno to retaliatory suspension and ultimately, constructive discharge in violation of Title VII of the Civil Rights Act of 1964.

16. Defendants subjected Martha Orozco to sexual harassment resulting in her constructive discharge in violation of Title VII of the Civil Rights Act of 1964.

17. Federico Moreno worked for Defendants as a Housekeeping Supervisor beginning approximately September 23, 2019. He supervised, among others, Martha Orozco, a Housekeeping Aide/Laundry Aide, who was hired on October 3, 2019.

18. Nazareth Living Care Center ("Nazareth") was managed by Director of Operations and Administrator Carlos Yanez. Yanez is the highest-ranking manager in the Nazareth Living Care Center. Yanez is sometimes identified as the Regional Director of Operations over four Paramount Healthcare Consultant facilities in El Paso.

18. In 2020, Yanez began harassing Orozco by making inappropriate comments on a daily basis while she was performing housekeeping duties at work. His conduct included explicit verbal sexual remarks, like telling Orozco: "I dreamt I made love to you."

19. On approximately June 18, 2020, Yanez subjected Orozco to egregious physical sexual touching including forcibly kissing her. Orozco objected, evaded, and physically resisted Yanez's advances until he would let her move away and return to her work.

20. Orozco went to her supervisor, Moreno, and complained to him about Yanez's unwelcome sexual comments and conduct. Moreno reported Ms. Orozco's complaints of sexual harassment to two department heads, the Human Resources Director and the Social Worker who worked onsite. The department heads both laughed at Moreno's report on behalf of Orozco and accused Orozco of fabricating the report.

21. Ultimately, Defendants never investigated the complaint. Yanez's sexual conduct towards Orozco continued after Moreno's complaint. Additionally, treatment by the Human Resources Director and the Social Worker changed toward Orozco. Examples of this badgering that was heightened included but is not limited to: closely scrutinizing Orozco's housekeeping work, regularly criticizing her in front of other nursing facility employees, ordering her to clean

areas she could not reach, and slamming doors in her face.

22. Defendants' managers continued to talk to Moreno about Orozco after he made the report. They continued to say that Orozco must have enticed Yanez to harass her. Managers told Moreno that Orozco was not allowed to clean their offices or Yanez's office.

23. Yanez's continued harassment of Orozco and the threat of future sexual harassment without any investigation nor discipline was upsetting to Orozco. In spite of personal difficulties, she was forced to resign given the adverse treatment by Defendants.

24. On August 31, 2020, Administrator Yanez and the Social Worker issued Moreno a three-day, unpaid suspension for allegedly gossiping about potential layoffs in what was deemed by Defendants as a "first and final written warning." Prior to the suspension, Moreno had never before been disciplined or issued any warning by Defendants.

25. On August 31, 2020, Moreno sent an email to the Paramount Healthcare Consultants corporate office in which he complained that he had reported the sexual harassment of Orozco in June 2020 to the Human Resources Director and Social Worker department heads, but nothing had been done. He also complained that he had just been suspended in retaliation for making the complaint.

26. On October 8, 2020, Moreno received a call from Defendants ordering him to return to Nazareth Hall for the purpose of cleaning the kitchen, an area with a known COVID-19 exposure. Moreno objected to returning immediately based on his understanding that Centers for Disease Control (CDC) guidelines required a 24-hour wait and because he is asthmatic, thus increasing his concern about contracting the virus. Rather than consider Moreno's reasonable objections, the Social Worker gave him an ultimatum, warning Moreno that if he refused to

**COMPLAINT**
Page 6

return, he "didn't need to bother coming to work tomorrow." As a result, Moreno was forced to resign.

27. The effect of the practices complained of in paragraphs 14-26 above has been to deprive Martha Orozco and Federico Moreno of equal employment opportunities and otherwise adversely affect their status as employees because of Orozco's sex and Moreno's engaging in statutorily protected activity.

28. The unlawful employment practices complained of in paragraphs 14-26 above were intentional.

29. The unlawful employment practices complained of in paragraphs 14-26 above were done with malice or with reckless indifference to the federally protected rights of Federico Moreno and Martha Orozco.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that permits or condones sex harassment.

B. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with them from retaliating against any individual for engaging in an activity protected under Title VII. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Federico Moreno and Martha Orozco who

were adversely affected by Defendants' discriminatory conduct, by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of their unlawful employment practices described in paragraphs 14-26 above, including but not limited to reinstatement or front pay in lieu thereof.

      D.      Order Defendants to make whole Federico Moreno and Martha Orozco by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 14-26 above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

      E.      Order Defendants to make whole Federico Moreno and Martha Orozco by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 14-26 above, including, but not limited to, job search expenses, in amounts to be determined at trial.

      F.      Order Defendants to pay Federico Moreno and Martha Orozco punitive damages for engaging in discriminatory practices with malice or reckless indifference to their federally protected rights, as described in paragraphs 14-26 above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

/s/ Robert A. Canino
ROBERT A CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Assistant Regional Attorney
Texas State Bar No. 14009470

/s/ Joel Clark
JOEL CLARK
Senior Trial Attorney
Texas Bar No.  24050425

/s/ Adriana Rodriguez
ADRIANA RODRIGUEZ
Trial Attorney
Texas Bar No. 24071467

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (972) 918-3611
Fax No. (214) 253-2749

**ATTORNEYS FOR PLAINTIFF**