**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | **CIVIL ACTION NO. 3:23-cv-00359-KC** |
| **PARAMOUNT HEALTHCARE CONSULTANTS, LLC and MPD OPERATORS NAZARETH HALL, LLC d/b/a NAZARETH LIVING CARE CENTER,** | § § § § § § § | |
| Defendants. | § | |

## MPD OPERATORS NAZARETH HALL, LLC'S RULE 12(b)(6) MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STAY

i

**STATEMENT OF ISSUES**

1. Whether Plaintiff states a claim for which relief can be granted against MPD Operators Nazareth Hall, LLC when it did not have the opportunity to participate in conciliation efforts.

2. Whether Plaintiff states a claim for which relief can be granted against MPD Operators Nazareth Hall, LLC when MPD Operators Nazareth Hall, LLC was not named as an employer or in any other capacity in the Charge of Discrimination.

3. Whether Plaintiff states a claim for which relief can be granted against MPD Operators Nazareth Hall, LLC based upon conclusory allegations that MPD Operators Nazareth Hall, LLC and Paramount Healthcare Consultants, LLC are an integrated business enterprise.

Defendant, MPD Operators Nazareth Hall, LLC ("MPD" or "Defendant"), files this Motion to Dismiss Plaintiff Equal Employment Opportunity Commission's ("EEOC") Complaint ("Complaint")[1] pursuant to Fed. R. Civ. P. 12(b)(6) for lack of subject matter jurisdiction or, in the alternative, failing to state a claim upon which relief may be granted.[2] In support, MPD respectfully shows the Court the following:

I.  **INTRODUCTION**

1. The Equal Employment Opportunity Commission brings this suit asserting claims arising from the employment of Federico Moreno and Martha Orozco. It is undisputed that:

    A. Martha Orozco did not file a charge of discrimination with the EEOC.[3]

    B. MPD was not named in the charge of discrimination filed by Federico Moreno.

2. Plaintiff's claims against MPD are premised on its conclusory assertions that MPD and Paramount Healthcare Consultants, LLC ("Paramount") are an integrated business enterprise. However, Plaintiff only pleads conclusory allegations regarding this assertion. Further, at the time Plaintiff asserts it issued a "Letter of Determination,"[4] an unrelated entity had acquired ownership of MPD following enforcement of a pledge agreement. The EEOC provides only conclusory allegations that notice and conciliation efforts took place with "Defendants." In fact, the EEOC appears to have only provided notice and engaged in conciliation efforts with Paramount.

II.  **FACTUAL BACKGROUND**[5]

---

[1] *See* Complaint, Dkt. No. 1.

[2] Because MPD was not involved in conciliation efforts with Plaintiff, it reserves the right to amend this motion once additional information is received about the charge of discrimination, the EEOC's investigation and conciliation efforts.

[3] A copy of what MPD understands is the charge of discrimination is attached as Exhibit 1.

[4] *See* Complaint (Dkt. No. 1) ¶ 10.

[5] Since this Court must examine the facts as alleged by the Plaintiff in deciding a motion to dismiss, MPD's recitation of facts throughout this motion is limited to those alleged by the EEOC. The

1

3. Plaintiff brings this suit alleging claims related to allegations of discrimination involving Federico Moreno and Martha Orozco.[6] Plaintiff asserts that Federico Moreno "worked for Defendants."[7] Plaintiff asserts that Carlos Yanez was the "Regional Director of Operations over four Paramount Healthcare Consultant facilities in El Paso."[8] It is asserted that Yanez made inappropriate comments to Orozco. Plaintiff makes conclusory allegations such as "Defendants never investigated the complaint" and "Defendants' managers continued to talk to Moreno about Orozco after he made the report."[9] Plaintiff indicates that "Moreno sent an email to the Paramount Healthcare Consultants corporate office."[10] Although Plaintiff references "Defendants" and several times references specific conduct by Paramount, Plaintiff never references any specific conduct by MPD. Plaintiff also makes conclusory allegations that the two entities "operated as an integrated business enterprise."[11] Specifically, Plaintiff asserts that "Dawne Smith **was identified** as the Owner of Paramount Healthcare Consultants and the Manager of MPD Operators Nazareth Hall."[12] Plaintiff further asserts that Paramount Healthcare performed services for "employees at MPD Operations and Nazareth Living Care Center."[13] Plaintiff further asserts that "[c]ertain Paramount Healthcare Consultant employees, such as the corporate Human Resources Director, the Nazareth Living Care Center Human Resources Director and the Risk Manager were

---

"facts" recited in this motion should not be construed as judicial, or other, admissions. MPD reserves the right to add, clarify, or dispute the facts contained in the Complaint.

[6] *See* Complaint, Dkt. No. 1, ¶¶ 14 and 15.

[7] *See* Complaint, Dkt. No. 1, ¶ 17.

[8] *See* Complaint, Dkt. No. 1, ¶ 18.

[9] *See* Complaint, Dkt. No. 1, ¶¶ 21 and 22.

[10] *See* Complaint, Dkt. No. 1, ¶ 25.

[11] *See* Complaint, Dkt. No. 1, ¶ 7.

[12] *See* Complaint, Dkt. No. 1, ¶ 7a (emphasis added).

[13] *See* Complaint, Dkt. No. 1, ¶ 7b.

concurrently engaged in responsibilities for MPD Operators Nazareth Hall and Nazareth Living Care Center."[14]

4.     Plaintiff asserts that on June 30, 2022, "the Commission issued to **Defendants** a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting **Defendants** to join the Commission in informal methods of conciliation . . . ."[15]  Plaintiff asserts that the EEOC "engaged in communications with **Defendants** to provide **Defendants** the opportunity to remedy the discriminatory practices described in the Letter of Determination."[16]  The EEOC finally asserts that on March 9, 2023, it "issued to **Defendants**, a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from **Defendants** a conciliation agreement acceptable to the Commission."[17]

### III.    ARGUMENT

#### A.    Legal Standard - Rule 12(b)(1)

5.     Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[18]  "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[19]

---

[14] *See* Complaint, Dkt. No. 1, ¶ 7c.

[15] *See* Complaint, Dkt. No. 1, ¶ 10 (emphasis added).

[16] *See* Complaint, Dkt. No. 1, ¶ 11 (emphasis added).

[17] *See* Complaint, Dkt. 1, ¶ 12 (emphasis added).

[18] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[19] *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

6. When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1) that does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case."[20] The plaintiff has the burden of demonstrating that subject-matter jurisdiction exists.[21]

### B. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

#### 1. Plaintiff's Complaint fails to state a claim against MPD, because MPD did not have the opportunity to participate in conciliation efforts.

7. Title VII of the Civil Rights Act allows the EEOC to bring suit against an employer on behalf of an individual who has allegedly been discriminated against. 29 U.S.C. § 794a; 42 U.S.C. § 2000e-5(b). A primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, to achieve non-judicial resolution of employment discrimination claims. *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). "A *less* exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." *Sanchez*, 431 F.2d at 467; s*ee also Ong v. Cleland*, 642 F.2d 316, 319 (9th Cir.1981) ("allowing a federal court complaint to proceed despite its loose 'fit' with the administrative charge and investigation . . . is precluded if it would circumvent . . . agency efforts to secure voluntary compliance before a civil action is instituted."). Conciliation is "the preferred means of achieving the objectives of Title VII," and is one of the "most essential functions" of the EEOC. *EEOC v. Agro Distribution LLC*,

---

[20] *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quotation marks omitted); *see also Clark*, 798 F.2d at 741.

[21] *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

4

555 F.3d 462, 468 (5th Cir. 2009) (quoting *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 609 (5th Cir. 1982) and *EEOC v. Pet, Inc., Funsten Nut Div.*, 612 F.2d 1001, 1002 (5th Cir. 1980)).

8.     As a mandatory precondition to filing a lawsuit, the EEOC must first attempt to resolve the issue through "informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b); *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 481-82, 135 S. Ct. 1645, 191 L. Ed. 2d 607 (2015). To fulfill this mandatory precondition for conciliation under § 2000e-5(b), "the EEOC must inform the employer about the specific allegation," describing "both what the employer has done and which employees (or what class of employees) have suffered as a result." *Mach Mining*, 135 S. Ct. at 1655-56. The EEOC must then "try to engage the employer in some form of discussion . . ., so as to give the employer an opportunity to remedy the allegedly discriminatory practice." *Id.* at 1656. "If the Commission does not take those specified actions, it has not satisfied Title VII's requirement to attempt conciliation." *Id.* at 1652 (citing *Heckler v. Chaney*, 470 U.S. 821, 829, 105 S. Ct. 1649, 84 L. Ed. 2d 714 (1985)). Thus, a "good-faith attempt at conciliation requires that the EEOC: (1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer." *Agro*, 555 F.3d 462, 468 (citing *EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 107 (5th Cir. 1981)).

9.     EEOC's unsupported legal conclusion that it engaged in conciliation with "Defendants" is conclusory and inaccurate. Apparently, there was a conciliation effort with Paramount. There was no such conciliation effort with MPD. Although the Court in *Agro* held that conciliation is not jurisdictional, "Courts remain free to impose a stay for the EEOC to continue prematurely terminated negotiations, and where the EEOC fails to act in good faith, dismissal remains an appropriate sanction." *Agro*, 555 F.3d at 469 (citing *Klingler*, 636 F.2d at 107). Here, MPD

believes the failure to include MPD in conciliation efforts should result in dismissal of MPD. Alternatively, a stay should be ordered.

> **2. Plaintiff's Complaint fails to state a claim for which relief can be granted against MPD because MPD was not named as an employer or in any other capacity in the Charge of Discrimination.**

10.  "The primary purpose of an EEOC charge is to provide notice of the charges to the respondent and to activate the voluntary compliance and conciliation functions of the EEOC." *Ajaz v. Continental Airlines*, 156 F.R.D. 145, 147 (S.D. Tex. 1994) (citing *Terrell v. U.S. Pipe & Foundry Co.*, 644 F.2d 1112, 1122 (5th Cir. 1981), *vacated on other grounds*, 456 U.S. 955, 102 S. Ct. 2028, 72 L. Ed. 2d 479 (1982)). Accordingly, "the scope of a Title VII suit extends as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Ajaz*, 156 F.R.D. at 147 (citation omitted). "The reasonable limits of the investigation potentially triggered by an EEOC charge define not only the substantive limits of a subsequent Title VII action, but also the parties potentially liable for any violation found." *Id.* at 147 (citing *Terrell*, 644 F.2d at 1123). Any exceptions are premised on obtaining voluntary conciliation and preventing prejudice to the unnamed party. *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 482-83 (5th Cir. 2014). It cannot be disputed that MPD was not included in the charge of discrimination filed and apparently served on Paramount in this case. Here, the EEOC makes conclusory allegations regarding notice to "Defendants," but makes no allegations specifically as to notice and conciliation with MPD.[22] That is because the EEOC made no such efforts here. EEOC's unsupported legal conclusions are insufficient, and the Complaint should be dismissed.

> **3. Plaintiff's Complaint fails to state a claim for which relief can be granted against MPD based upon conclusory allegations that MPD and Paramount are an integrated business enterprise.**

---

[22] Plaintiff makes only conclusory allegations that MPD Operators Nazareth Hall, LLC and Paramount Healthcare Consultants, LLC are an integrated business enterprise.

11.     As indicated above, Plaintiff makes only conclusory allegations regarding its assertion that MPD and Paramount are an integrated business enterprise. Here, Plaintiff did not plead sufficient facts to show that MPD and Paramount are an integrated enterprise or joint employers.

12.     The Fifth Circuit has "held that 'superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise' (*i.e.*, a single employer)." *Schirle v. Sokudo USA, LLC*, 484 F. App'x 893, 898 (5th Cir. 2012) (quoting *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983)). Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. Courts applying this four-part standard in Title VII and related cases have focused on the second factor: centralized control of labor relations. *Oaks v. City of Fairhope*, 515 F. Supp. 1004 (S.D. Ala. 1981); *Fike v. Gold Kist, Inc.*, 514 F. Supp. 722, 727 (N.D. Ala. 1981); *EEOC v. Cuzzens of Georgia*, 15 Fair Empl. Prac. Cas. 1807 (N.D. Ga. 1977), *rev'd on other grounds*, 608 F.2d 1062 (5th Cir. 1979). Here, Plaintiff makes only vague and conclusory allegations regarding a supposedly integrated enterprise between Paramount and MPD. Such efforts are insufficient, and the Complaint should be dismissed.

**IV.    CONCLUSION**

13.     The Complaint fails to plausibly allege a claim against MPD and should be dismissed. Alternatively, the Court should stay this case pending conciliation with MPD.

        WHEREFORE, PREMISES CONSIDERED, Defendant MPD OPERATORS NAZARETH HALL, LLC respectfully requests that the Court dismiss Plaintiff's suit with prejudice, or in the alternative, stay this case pending conciliation with MPD, and grant Defendant such other and further relief to which it is entitled.

Respectfully submitted,

Bruce A. Koehler
State Bar No. 11649300
**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Box 1977
El Paso, Texas 79999-1977
Phone No. (915) 532-2000
Fax No. (915) 541-1548
koehler@mgmsg.com

By:   _/s/ Bruce A. Koehler_____
      **Bruce A. Koehler**
      State Bar No. 11649300

Attorney for Defendant MPD Operators
Nazareth Hall, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2023, I electronically filed the foregoing Rule 12(b)(6) Motion to Dismiss with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to counsel for the Plaintiff, Gwendolyn Young Reams, Acting General Counsel, Christopher Lage, Deputy General Counsel, Robert A. Canino, Regional Attorney, Suzanne M. Anderson, Assistant Regional Attorney, Joel Clark, Senior Trial Attorney, and Adriana Rodriguez, Trial Attorney, Equal Employment Opportunity Commission, Dallas District Office, 207 South Houston Street, 3rd Floor, Dallas, Texas 75202.

   __/s/ Bruce A. Koehler_____
   **Bruce A. Koehler**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| Plaintiff, | § § |
| v. | § CIVIL ACTION NO. 3:23-cv-00359-KC § |
| PARAMOUNT HEALTHCARE CONSULTANTS, LLC and MPD OPERATORS NAZARETH HALL, LLC d/b/a NAZARETH LIVING CARE CENTER, | § § § § § § |
| Defendants. | § § |

## ORDER

**ON THIS DATE**, came on for consideration Defendant MPD Operators Nazareth Hall, LLC's Rule 12(b)(6) Motion to Dismiss. After careful consideration of this motion and the response thereto, the Court is of the opinion that this motion should be granted.

**IT IS THEREFORE ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss is hereby GRANTED.

**IT IS FURTHER ORDERED** that this lawsuit is DISMISSED WITH PREJUDICE to the right of Plaintiff to refile same.

**SIGNED** this ____ day of _____, 20___.

_____
HONORABLE KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

1760712