**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | } |
| | } |
| | } |
| **Plaintiff,** | } |
| | } |
| **v.** | } **CAUSE NO. 3:23-CV-00359-KC** |
| | } |
| | } |
| **PARAMOUNT HEALTHCARE CONSULTANTS, LLC AND MPD OPERATORS NAZARETH HALL, LLC D/B/A NAZARETH LIVING CARE CENTER** | } |
| | } |
| | } |
| | } |
| | } |
| **Defendants.** | } |

**DEFENDANT PARAMOUNT HEALTHCARE CONSULTANTS, LLC'S**
**12(B)(6) MOTION TO DISMISS**

**STATEMENT OF ISSUES**

1.      Whether the EEOC has stated viable claims for relief on behalf of Orozco when she did not file a charge of discrimination and, thus, failed to exhaust her administrative remedies?

2.      Whether the EEOC has stated a viable claim of constructive discharge on behalf of Moreno when he failed to exhaust his administrative remedies by not making that allegation in his charge?

3.      Whether the EEOC failed to properly conciliate where it filed suit asserting claims and factual allegations that were never presented to Defendant in the EEOC Determination Letter? If the EEOC failed to conciliate, should the case be dismissed or stayed so that the EEOC can meet its duty to conciliate?

4.      Whether the EEOC pled sufficient facts showing that Moreno was constructively discharged?

5.      Whether the EEOC sufficiently pled a *prima facie* case of retaliation regarding Moreno's constructive discharge claim?

TO THE HONORABLE KATHLEEN CARDONE:

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Paramount Healthcare Consultants, LLC ("Defendant") moves to dismiss the Equal Employment Opportunity Commission's ("EEOC") claims asserted on behalf of Federico Moreno ("Moreno") and Martha Orozco ("Orozco").  In support thereof, Defendant shows the following:

## I.     BACKGROUND

On September 26, 2023, the EEOC filed this civil action against Defendant (and co-defendant MPD Operators Nazareth Hall, LLC) under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") on behalf of Moreno and Orozco.  In the Complaint, the EEOC asserts conclusory allegations that Carlos Yanez ("Yanez") sexually harassed Orozco over some unspecified timeframe and, then, specifically on June 18, 2020 which resulted in her alleged constructive discharge on some unspecified date.  Furthermore, the EEOC claims that Orozco reported Yanez's alleged conduct to Moreno who forwarded the complaint to the Human Resources Director and Social Worker.  The EEOC claims that the sexual harassment allegations were never investigated.  The EEOC then makes the conclusory allegation that Defendant retaliated against Moreno by suspending him on August 31, 2020 and constructively discharging him on October 8, 2020.

Defendant moves the Court to dismiss the EEOC's claims pursuant to Federal Rule 12(b)(6).  Specifically, Orozco's claims should be dismissed for failure to exhaust administrative remedies because she never filed a charge of discrimination with the EEOC. Therefore, Defendant was deprived of the opportunity to be presented with Orozco's specific allegations for purposes of investigatory and conciliatory procedures.  In the same vein,

dismissal or, in the alternative, a stay is appropriate because the EEOC failed to meet its duty to conciliate.  In addition, the EEOC has failed to plead plausible claims for relief on behalf of Orozco and Moreno, and they must be dismissed.

## II.     ARGUMENTS AND AUTHORITIES

### A.      Dismissal Standard under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (internal citations omitted).

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff[s] and with every doubt resolved [on their] behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003). A complaint states a "plausible claim for relief" when the factual allegations contained therein indicate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The complaint "'does not need detailed factual allegations, 'but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Although courts are typically limited to the contents of the pleadings when resolving a 12(b)(6) motion to dismiss, documents attached to the motion may be considered "if they are referred to in the plaintiff's complaint and are central to [the] claim." *Carter v. Target Corp.*, 541 Fex. App. 413, 416-17 (5th Cir. 2013) (considering EEOC charges of discrimination attached to motion to dismiss). To aid the Court in resolving this Motion to Dismiss, Defendant attaches the following documents which were referenced in the Complaint:

| Exhibit A | EEOC Charge filed by Federico Moreno on December 17, 2020. | Referenced in Paragraph 9 of the Complaint. (Doc. 1) |
| Exhibit B | EEOC Letter of Determination dated June 30, 2022 | Referenced in Paragraph 10 of the Complaint. (Doc. 1) |

**B.     Orozco did not file a charge of discrimination and, therefore, failed to exhaust her administrative remedies.**

Before pursuing a claim under Title VII, an individual must exhaust administrative remedies by timely filing a charge with the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). "Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Id.* at 379 (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996); 42 USC § 2000e-5(e)(1).

Here, the EEOC alleges that all conditions precedent have been satisfied. That is not the case. Although Moreno filed an EEOC Charge, *see* Exh. A, Orozco did not. The Complaint admits as much by referring to Moreno's Charge but making no mention of Orozco having filed a charge. Accordingly, Orozco's claims must be dismissed for failure to exhaust administrative remedies. The consequence of Orozco's failure to file a charge is referenced below in Section II.D.

### C.    Moreno failed to exhaust his administrative remedies on his constructive discharge claim.

Moreno's EEOC Charge does not allege constructive discharge, and, therefore, he failed to exhaust his administrative remedies on that claim.  In his Charge, Moreno alleges that he was "laid off" and informed he "had been terminated" after he refused to sanitize the kitchen following "a virus outbreak."  Exh. A. Moreno never alleged that he had been constructively discharged which is remarkably different than being "laid off" or "terminated."

Indeed, the contrast between both types of claims is stark.  In his Charge, Moreno specifically alleges that he was terminated by Maintenance Manager Jorge Trujillo.  Exh. A. In the lawsuit, however, the EEOC decided to transform that discrete claim into a different claim altogether by now alleging that an unnamed Social Worker gave Moreno an ultimatum: return or "he 'didn't need to bother coming to work tomorrow. As a result, Moreno was forced to resign." *See* Compl't, ¶ 26.

While Moreno's Charge sets the table for a straightforward wrongful termination claim, the Complaint characterizes Moreno's separation as constructive discharge which requires a showing that "the employer made the working conditions so intolerable that a reasonable person would feel compelled to resign."  *Robinson v. Waste Management of Texas*, 122 Fed.Appx. 756, 758 (5th Cir. 2004) (quoting *Faruki v. Parsons*, 123 F.3d 315, 319 (5th Cir. 1997)).  The burden to establish constructive discharge is extremely high as the EEOC "must demonstrate a greater severity or pervasiveness of harassment than the minimum required to prove a hostile work environment."  *Harvill v. Westward Communications, LLC*, 433 F.3d 428, 440 (5th Cir. 2005). The Charge contains no such allegations because Moreno, in his own words, claimed that he was involuntarily terminated – not that he was forced to resign as would any reasonable person in his shoes.  Accordingly, Moreno failed to exhaust his administrative remedies on his constructive discharge claim, and it should be dismissed.

**D.      EEOC failed to meet it obligation to conciliate prior to filing suit.**

"Title VII imposes a duty on the EEOC to attempt conciliation of a discrimination charge prior to filing suit." *Mach Mining, LLC v. EEOC*, 575 US 480, 486 (2015). "That obligation is a key component of [Title VII's] statutory scheme" and "is a necessary precondition to filing suit." *Id*. To meet that obligation, "the EEOC must inform the employer about the specific allegation, as the Commission typically does in a letter announcing its determination of 'reasonable cause.'" *Id*. at 494. "Such notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result." *Id*.

Here, the EEOC failed short of its obligation to conciliate prior to filing suit. Specifically, there are two significant discrepancies between the EEOC's Determination Letter, *see* Exh. B, and the claims alleged in this action. The most glaring discrepancy is that the Determination Letter contains no finding that Moreno was constructively discharged or even wrongfully discharged. The only finding as to Moreno was that he suffered a retaliatory 3-day suspension. Because Defendant submitted evidence (i.e. text messages) that Moreno voluntarily resigned his employment in its position statement, it reasonably assumed that the EEOC did not reference the separation in the Determination Letter because it found no evidence of wrongdoing with respect to that allegation. Service of the lawsuit was the first time that Defendant became aware of Moreno's constructive discharge claim.

Second, there are varying versions of the alleged sexual harassment. In Moreno's Charge, he claims Orozco told him that Yanez "grabbed her, hugged her against her will, and placed *her* on hand on his private parts while stating, not verbatim, I dreamed of you, look at

how you have me." Exh. A. (Emphasis added). The EEOC's Determination Letter presents a

similar but less egregious version of the harassment. Specifically, the Determination Letter

states Orozco reported to Moreno that Yanez "placed *his* hand on his crotch." Exh. B. The

EEOC interviewed Orozco as part of its investigation, and she (Orozco) provided a much

milder account:

> "The housekeeping employee [Orozco] said that the Director of Operations [Yanez]
> explicitly talked about having sex with her, which he then repeated the next day. The
> employee took off for one week after this happened, and then decided that she could
> not return to work because of the sexual harassment."

Exh. B. The EEOC did not state that Orozco alleged Yanez physically touched her or that she

confirmed Moreno's version. Because Orozco never filed a sworn charge of discrimination,

Defendant did not know the nature of her harassment allegations and relied upon what she told

the EEOC as relayed in its Determination Letter. Now, in its Complaint, the EEOC avers a

different, but more severe, version of the harassment: "Yanez subjected Orozco to egregious

physical *sexual* touching including forcibly kissing her." Exh. B. (Emphasis added). Again, the

Complaint is the first time that Defendant was made aware that Orozco – not Moreno – was

claiming that Yanez sexually touched her by forcibly kissing her.

In short, the EEOC failed to conciliate because it did not notify Defendant, in its

Determination Letter, that it found that Moreno was constructively discharged or that Yanez

sexually touched Orozco by forcibly kissing her. Instead, Defendant engaged in the

conciliation process with the understanding that it found reasonable cause that Moreno suffered

a retaliatory 3-day suspension which, of course, involves lower damages (economic and

compensatory) than a claim for constructive discharge. Similarly, Defendant understood

Orozco's harassment claim to be that Yanez made comments about having sex with Orozco and

that he also possibly grabbed his own crotch – there was no finding that Yanez physically touched Orozco or tried to kiss her.

The claims asserted in the Complaint cannot be reconciled with the EEOC's Determination Letter or the allegations in Moreno's Charge. Defendant was deprived of the opportunity to conciliate with the understanding and knowledge that the EEOC intended to bring claims that were different or more egregious than stated in the Determination Letter. Therefore, the Complaint should be dismissed, or, in the alternative, the proceedings should be stayed so that the EEOC can meet its duty to conciliate.

> **E.    The Complaint fails to sufficiently plead that Moreno was constructively discharged.**

As mentioned above, a constructive discharge occurs when the employer makes working conditions so intolerable that a reasonable employee would feel compelled to resign. In determining whether an employer's actions constitute a constructive discharge, the Fifth Circuit considers the following factors:

> (1) [D]emotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger [or less experienced/qualified] supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement [or continued employment on terms less favorable than the employee's former status].

*Haley v. All. Compressor LLC*, 391 F.3d 644, 650 (5th Cir. 2004) (*citing Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir.2001). The EEOC fails to sufficiently state a claim for constructive discharge on behalf of Moreno. None of the above factors are alleged. Moreno was not harassed with the end-goal of getting him to resign. Instead, the EEOC pleads that Moreno was actually being asked *to go to work*, and more specifically, to clean an area with known COVID-19 exposure. Compl't ¶ 26. Moreno was employed as the Housekeeping

Supervisor, *see* Compl't ¶ 17.  Thus, it is not plausible that asking Moreno to disinfect a COVID-19 exposed area – a request clearly within his job description – meets the heightened standard of harassment to prove constructive discharge.  The EEOC alleges that Moreno is asthmatic, but there is no allegation that Defendant would have forced him to clean without personal protective equipment or without the proper precautions to minimize exposure or the existence of any aggravated factors or circumstances that would have compelled a reasonable person to resign.

F.      **The Complaint fails to sufficiently plead that Moreno's alleged constructive discharge was retaliatory.**

Assuming the Court finds that the Complaint sufficiently pled that Moreno was constructively discharged, dismissal is still appropriate because the EEOC failed to plead sufficient facts to show that the constructive discharge was retaliatory.  To prove a *prima facie* case of retaliation, a plaintiff must show: (1) participation in an activity protected by Title VII; (2) the employer took an adverse employment action against the plaintiff; and (3) a causal connection exists between the protected activity and the adverse employment action. *Newbury v. City of Windcrest*, 991 F.3d 672, 678 (5th Cir. 2021).  For purposes of this argument, Defendant does not contest the first two elements.

Defendant denies, however, that Plaintiff has pled sufficient facts showing a causal connection between the protected activity on June 18, 2020 and the constructive discharge, 3 ½ months later, on October 8, 2020.  At the pleading stage, the causal connection can be shown by temporal proximity, but it must be very close.  *Brown v. Wal-Mart Stores East, LP*, 969 F.3d 571, 578 (5th Cir. 2020) (citing cases where periods of 2 ½ months, 2 months, and 6 ½ weeks were sufficient); *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (citing a case

holding that 3 months was insufficient).  Here, Defendant submits that 3 ½ months is insufficient to establish a causal connection between the two events.  Because Plaintiff pled no other facts showing, much less suggesting, that Defendant compelled him to resign due to retaliatory animus, his retaliatory constructive discharge claim must be dismissed.

## III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court to grant this Motion to Dismiss, dismiss the claims with prejudice, and any other relief to which it is entitled. Such relief may also include the alternative relief of staying the proceedings so that the EEOC can conciliate the new claims and allegations asserted in the Complaint.

Respectfully submitted,

KEMP SMITH LLP
221 N. Kansas, Suite 1700
El Paso, Texas 79901
915.533.4424
915.546.5360 (FAX)

By:    */s/ Gilbert L. Sanchez*
GILBERT L. SANCHEZ
State Bar No. 24060550
gilbert.sanchez@kempsmith.com

Attorney for Defendant

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 11, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, Adriana G. Rodriguez, Equal Employment Opportunity Commission, 207 South Houston, Street, 3rd Floor, Dallas, Texas 75202, via electronic mail.

/s/ *Gilbert L. Sanchez*_____
GILBERT L. SANCHEZ